IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEANYI JOSEPH OKORAFOR,

    Petitioner,

v.

CRAIG A. LOWE,

    Respondent.

3:17-CV-716
(JUDGE MARIANI)

## MEMORANDUM

On April 23, 2017, Heanyi Joseph Okorafor filed an "Emergency Petition for a Writ of Habeas Corpus" (Doc. 1) "seeking emergency relief from this Court, in the issuance of a Writ of Habeas Corpus, pursuant to Section 2241(c)(3), Title 28 of the United States Code." Petitioner's prayer for relief requests, among other relief, that this Court "[i]ssue a Writ of Habeas Corpus ordering Petitioner [*sic*] to release Petitioner immediately on his own recognizance or under parole, bond, or reasonable conditions of supervision, or, in the alternative, ordering a constitutionally adequate, individualized hearing before this Court." (Doc. 1, at 15).

Following the filing of briefs by counsel for Petitioner and Respondent Craig Lowe, the Warden of Pike County Correctional Facility, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") (Doc. 10) on July 26, 2017, wherein he recommended that the Court deny Okorafor's habeas corpus petition. No objections were filed to the R&R.

Although the Court will adopt the Magistrate Judge's conclusions, it does so for the reasons set forth below, as well as those set forth in the R&R.

As explained by the Magistrate Judge,

> In this case the petitioner, Heanyi Okorafor, received a bond hearing pursuant to 8 U.S.C. § 1226(a) in December of 2016, but the Immigration Judge denied Okorafor release on bond, citing in part the fact that Okorafor had been convicted of sexually assaulting a child under the age of 13, criminal conduct which involved the exploitation of a child and led to the initiation of these removal proceedings.

(Doc. 10, at 2-3). On March 17, 2017, the Board of Immigration Appeals affirmed the Immigration Court's bond determination, finding that "considering the totality of the record, we conclude that [Okorafor] did not meet his burden of establishing that he does not present a danger to the community." (Doc. 1-2, Ex. B, at 2).

Pursuant to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The statute further authorizes the Attorney General to continue to detain the arrested alien, release the alien on bond, or release the alien on conditional parole. *Id.* at § 1226(a)(1)-(2). The Attorney General's discretionary judgment regarding the application § 1226 is not subject to review and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 1226(e). Nonetheless, "Section 1226(e) contains no explicit provision barring habeas review". *Demore v. Kim*, 538 U.S. 510, 517 (2003). *See also, Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) ("Section 1226(e) likewise deals with challenges to

2

operational decisions, rather than to the legislation establishing the framework for those decisions. The district court therefore had jurisdiction under § 2241 . . . ."); *Al-Siddiqi v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008) (Section 1226(e) "strips us of our jurisdiction to review judgments designated as discretionary but does not deprive us of our authority to review statutory and constitutional challenges. Because this provision contains no explicit bar to constitutional challenges or habeas review, the Supreme Court has held that habeas review survives.").

Here, Petitioner argues that his "continued, indefinite detention is guided by the principles set forth in the Third Circuit's holding in" *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). (Doc. 1, at 11). In *Diop*, the Third Circuit concluded that § 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231. However, this Court agrees with Magistrate Judge Carlson's finding that:

> *Diop* is legally and factually distinguishable from the instant case on two crucial scores. First, *Diop*, which dealt with mandatory detention of certain aliens pursuant to 8 U.S.C. §1226(c), proceeds on a different legal footing than this case, which entails review of a discretionary decision under a separate provision of the law, §1226(a), to deny bond to an alien who was convicted of sexually assaulting a child. Second, this case is factually distinguishable from *Diop*, in that *Diop* mandated an individualized bond consideration for aliens held in mandatory detention for prolonged periods without any bond hearing whatsoever. In contrast, in this case Okorafor received an individualized bond hearing, but is simply dissatisfied with the

3

outcome of that hearing, which denied him bond due to his conviction for sexually abusing a child.

(Doc. 10, at 13-14).

Rather, this Court finds Okorafor's situation to be more analogous to the Third Circuit's decision in *Contant v. Holder*, 352 F.App'x 692 (3d Cir. 2009). In that case, Contant was taken into custody by the Department of Homeland Security and ordered detained without bond. An Immigration Judge subsequently conducted a redetermination hearing and denied Constant release on bond. On appeal, the BIA affirmed the Immigration Judge's decision, finding that Contant had failed to demonstrate that he was not a danger to the community. Contant then filed a habeas petition in the District Court pursuant to 28 U.S.C. § 2241 claiming that his indefinite detention without review was unreasonable and violated his right to due process. While the habeas petition was pending, an immigration Judge again found that Contant was a danger to the community, and that there was no changed circumstance warranting redetermination of bond. The District Court held that the authority for Contant's detention was § 1226(a) and, differentiating the case from *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Demore v. Kim*, 538 U.S. 510 (2003),[1] both cases upon which Okorafor relies on in the present action, denied the habeas petition.

---

[1] The District Court noted that "unlike the aliens in *Zadvydas,* petitioner is not under a final order of removal[; h]e is currently being held pending his removal proceedings" and that "Petitioner is being held pursuant to a different statute than at issue in *Zadvydas* [and p]ursuant to 1226(a), he has had a determination by an independent decision maker that determined him to be a flight risk and a danger to society", a decision that was affirmed by the BIA. *Constant v. Mukasey*, 2009 WL 427244, *2 (M.D.Pa. 2009).

4

The Third Circuit in *Contant* affirmed the District Court's denial of the habeas petition. The Circuit agreed with the District Court that neither *Zadvydas* nor *Kim* were directly applicable in that case. *Contant*, 352 F.App'x at 694. In so finding, the Circuit explained:

> Unlike the mandatory detention statute at issue in *Kim*, § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3). Contant was afforded the review provided by these regulations. Moreover, like the petitioner in *Kim*, Contant's unusually lengthy period of detention pending a decision on his removability is attributable to his own request for a continuance. *See Kim*, 538 U.S. at 530, 123 S.Ct. 1708 (noting that petitioner's detention period of 6 months, which was longer than the average period of 47 days, was due to his own request for a continuance of his removal hearing).
> In sum, Contant's detention is not "indefinite," as there is no indication that he could not be removed to Trinidad and Tobago if he is ordered removed, and the end of his detention is reasonably foreseeable; *i.e.*, at the conclusion of his removal proceedings.

*Id.* at 695-696.

Here, just as in *Contant*, Okorafor is a pre-final order detainee held pursuant to § 1226(a), was afforded a bond hearing, and was able to appeal the Immigration Judge's determination to the BIA. He was thus afforded the review provided by the applicable regulations. The Immigration Judge and the BIA both took the relevant factors into consideration and found that Okorafor failed to demonstrate that he would not pose a

5

danger to other persons.[2] Similarly, as in *Contant*, Okorafor is "being detained pending a decision on whether he is to be removed from the United States", *Contant*, 352 F.App'x at 694 (internal quotation marks and brackets omitted). As Respondent properly notes, "the current delay in [Okorafor's] proceedings is to permit his pursuit of judicial relief as to his removal [and h]is detention is not indefinite and there is no indication that he cannot be removed to Nigeria should the BIA deny his appeal of the order of removal." (Doc. 7, at 11).

Accordingly, upon consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. 10) for clear error or manifest injustice, the Court will adopt the Report and Recommendation for the reasons set forth therein as well as for those stated in this Memorandum, and Petitioner Okorafor's "Emergency Petition for a Writ of Habeas Corpus" (Doc. 1) will be denied. A separate Order will follow.

Robert D. Mariani
United States District Judge

---

[2] To the extent that Okarafor disagrees with the Immigration Judge and BIA's decision with respect to the denial of his bond, the Court is without jurisdiction to disturb this discretionary finding.